IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2000 Session

## KARINE MARGARET BAILEY v. MICHAEL CHARLES BAILEY

**Appeal from the Chancery Court for Rutherford County**
**No. 95DR-633     Don R. Ash, Chancellor**

---

**No. M2000-00325-COA-R3-CV - Filed April 2, 2001**

---

These parties were divorced in September 1995, and their Marital Dissolution Agreement was incorporated in the decree of divorce. They were parents of two children, and the court approved the agreement for shared physical custody of the children whereby each parent had custody of both children fifty percent of the time. The MDA provided, "[T]he parties have agreed to deviate from the child support award guidelines due to the shared physical custody of the children." Husband paid Wife $500 per month, which was not in accordance with the guidelines. In June 1999, Husband filed a motion to terminate his child support obligation because of a significant increase in Wife's income. The trial court denied the application, and Husband appeals. We vacate and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM C. KOCH, JR., J. joined.

Frank M. Fly and Shawn M. Ashcraft, Murfreesboro, Tennessee, for the appellant, Michael Charles Bailey.

Josh A. McCreary, Murfreesobor, Tennessee, for the appellee, Karine Margaret Bailey.

**OPINION**

Appellant, Michael Charles Bailey, and Appellee, Karine Margaret Bailey, are the parents of two minor children, Charles Martin Bailey and Hannah Catherine Morag Bailey. The parties were divorced on September 1, 1995, on grounds of irreconcilable differences. The court approved the parties' Marital Dissolution Agreement providing that Appellant would pay to Appellee the sum of $500 per month for child support. The decree further provided:

This agreed child support is understood by the parties, and counsel for the parties, not to be within the Child Support Guidelines, in compliance with the Family Support Act of 1989 (P.L. 100-485), effective October 13, 1989, and implemented in Tennessee pursuant to the provisions of Public Chapter 206, Acts of 1989. The sum of child support that Husband is to pay represents less than thirty-two percent (32%) of Husband's net income as required by said Child Support Guidelines for two children. The parties have agreed to deviate from the Child Support Award Guidelines due to the shared physical custody of the children. Child support shall continue until the youngest child shall reach her eighteenth (18th) birthday or graduate from high school, whichever occurs last.

4. That the Marital Dissolution Agreement and Amended Marital Dissolution Agreement entered into between the parties is hereby ratified and approved by the Court and incorporated into this Final Decree of Divorce as fully and completely as copied herein verbatim.

In more detail, the Marital Dissolution Agreement provided in this respect:

CHILD SUPPORT AND MAINTENANCE: The physical custody of the children will be divided equally between the Husband and Wife, with each party paying for the children's necessities, i.e. food, clothing and shelter while the children are with each parent respectively. Under the present circumstances, the Husband shall pay to Wife $500.00 for child support until the youngest child reaches the age of 18 or graduates from high school whichever occurs last. The parties understand that this agreement is not within the Child Support Award Guidelines, in compliance with the Family Support Act of 1989 (P.L. 100-485), effective October 31, 1989, and implemented in Tennessee pursuant to the provisions of Public Chapter 206, Acts of 1989. The parties have agreed to deviate from the Child Support Award Guidelines due to the shared physical custody of the children. Said payments shall begin upon the Husband removing himself from the marital property.

The parties, since the granting of the divorce, have faithfully adhered to the provisions for equal custody, and Husband has faithfully paid the $500 per month child support.

On June 4, 1999, Husband filed his Petition to Terminate Child Support asserting that Wife's income since the divorce had increased to the point that such child support should no longer be required. Wife answered denying any change of circumstance. At the December 14, 1999 hearing on this petition, evidence was offered by Husband indicating a four fold increase in the income of Wife since the time of the divorce. As a result of this increase, she had income of approximately $24,000 per year, as opposed to the approximately $6,000 per year she was earning at the time of the divorce.

At the conclusion of Appellant's proof, the trial court granted a motion to dismiss holding that no material change of circumstances had been established to warrant a reduction in the child support provided for in the Decree of Divorce.

Appellant filed a timely appeal.

We have determined that the "significant variance" provisions of Tennessee Code Annotated section 36-5-101(a)(1) are not applicable to this case for reasons set forth in the Tennessee Compilation Rules & Regulations which provide:

> These guidelines are designed to apply to situations where children are living primarily with one parent but stay overnight with the other parent at least as often as every other weekend from Friday to Sunday, two weeks in the summer and two weeks during holidays throughout the year. These guidelines are designed to consider the actual physical custody of the child(ren), regardless of whether custody is awarded to one parent and visitation to the other or such an arrangement is ordered to be joint custody or split custody. In situations where overnight time is divided more equally between the parents, the courts will have to make a case-by-case determination as to the appropriate amount of support.

Tenn. Comp. R. and Regs. r. 1240-2-4-.026 (1994).

> In a similar context, this Court held:
> [I]n the present case, the parties enjoy joint custody of the child and neither party falls within the definition of an "obligor" as set out in the guidelines. In fact, the guidelines state that they are "designed to apply to situations where children are living primarily with one parent . . . . In situations where overnight time is divided more equally between the parents, the courts will have to make a case-by-case determination . . . ."

*Wagner v. Wagner*, 2000 WL 329399, at * 5 (Tenn. Ct. App. March 30, 2000) (citing Tenn. Comp. R. & Regs. r. 1240-2-4-.03(1) & .03(6)).

In applying a case-by-case analysis where custody is joint and equally divided, as in the case at bar, child support should be paid on relative ability to pay based on present circumstances. The proof in this record does not show whether there was a change in the relative earnings of both parties as to allow this Court to make an appropriate determination. The increased earnings of Appellee are a factor to be considered, along with any increased earnings of Appellant, in determining an appropriate amount of child support to be paid under this equal custody arrangement.

The judgment of the trial court is vacated and the case is remanded for further proceedings wherein the trial court may hear proof and set child support on an equitable basis, taking into consideration the present income of both parties.

Costs of appeal are assessed to Appellee.

_____
WILLIAM B. CAIN, JUDGE